| CDIL PROB 22 (Rev. 4/97) | **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)* 08-30094-014 |
|---|---|---|---|
| | | | DOCKET NUMBER *(Rec. Court)* 11-60006-TP Cohn |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Linda Scott | DISTRICT: CENTRAL DISTRICT OF ILLINOIS | | DIVISION Springfield |
| | NAME OF SENTENCING JUDGE Jeanne E. Scott | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 03/22/10 | TO 03/21/12 |

**OFFENSE**

(Count 1) Conspiracy to Use Interstate Telephone Facilities for Illegal Prostitution and (Count 2) Inducing Interstate Travel to Engage in Prostitution

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District of Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

July 27, 2010
Date

JEANNE E. SCOTT
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

September 2, 2010
Effective Date

William P. Dimitrouleas
United States District Judge

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

E-FILED
Wednesday, 24 March, 2010 01:13:32 PM
Clerk, U.S. District Court, IL CD

# UNITED STATES DISTRICT COURT

Central District of Illinois

UNITED STATES OF AMERICA
v.
LINDA SCOTT

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 08-30094-014

USM Number: 82457-004

Babette P. Salus
Defendant's Attorney

FILED
MAR 2 4 2010
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 and 2

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Use Interstate Telephone Facilities for Illegal Prostitution Activities | 1/11/2008 | 1 |
| 18 U.S.C. §§ 2422(a) and 2 | Inducing Interstate Travel to Engage in Prostitution | 3/31/2008 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/22/2010
Date of Imposition of Judgment

s/ Jeanne E. Scott
Signature of Judge

JEANNE E. SCOTT,         U.S. District Judge
Name and Title of Judge

03-23-10
Date

AO 245B  (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT: LINDA SCOTT
CASE NUMBER: 08-30094-014

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**2 days, time served.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____ p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LINDA SCOTT
CASE NUMBER: 08-30094-014

Judgment—Page 3 of 6

## PROBATION

The defendant is hereby sentenced to probation for a term of:

### 2 years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from [x] excessive [ ] any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 4C — Probation

Judgment—Page __4__ of __6__

DEFENDANT: LINDA SCOTT
CASE NUMBER: 08-30094-014

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall serve three months in home confinement during her term of supervision. She shall sign the rules of home confinement and comply with the conditions of home confinement. During this time, she will remain at her place of residence except for medical appointments, religious services and other activities approved in advance by her probation officer.

2. The defendant shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

AO 245B (Rev. 12/03) Judgment in a Criminal C.
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: LINDA SCOTT
CASE NUMBER: 08-30094-014

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: LINDA SCOTT
CASE NUMBER: 08-30094-014

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☒ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

E-FILED
Thursday, 25 September, 2008 03:28:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff, | ) | SEP 2 4 2008 |
| | ) | PAMELA E. ROBINSON, CLERK |
| V. | ) | U.S. DISTRICT COURT |
| | ) | CRIMINAL NO. 08-30094 CENTRAL DISTRICT OF ILLINOIS |
| | ) | VIO: Title 18 U.S.C. §§ 2, 371, |
| | ) | 1952(a)(3), and 2422(a). |
| SHEILA BRIGGS, JOYCE CARTER, | ) | |
| DOLORES CROZIER, | ) | |
| KIMBERLY DALLAS, | ) | |
| L. DEANNA DEAN, TINA FLYNN, | ) | |
| JOYCE GAGE, DORIS GROTH, | ) | |
| BARBARA JONES, | ) | |
| ROSEMARY MARRIOTT, | ) | |
| ALECIA McGUIRE, | ) | |
| DANNY RAY ODELL, SHIRLEY OLLIS, | ) | |
| LINDA SCOTT, LIBBE SISKIND, | ) | |
| FRANCES THOMPSON, and | ) | |
| ERNESTINE VENABLE, | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

### Count I

1. Beginning at least as early as February 2007 and continuing to in or about March 2008, at Springfield, in the Central District of Illinois, and elsewhere, the defendants,

**SHEILA BRIGGS, JOYCE CARTER, DOLORES CROZIER,
KIMBERLY DALLAS, L. DEANNA DEAN, TINA FLYNN, JOYCE GAGE,
DORIS GROTH, BARBARA JONES, ROSEMARY MARRIOTT,
ALECIA McGUIRE, DANNY RAY ODELL, SHIRLEY OLLIS, LINDA SCOTT,
LIBBE SISKIND, FRANCES THOMPSON, and ERNESTINE VENABLE,**

agreed and conspired with each other and with others, known and unknown to the Grand Jury, to commit the following offenses against the United States:

A. to use facilities in interstate commerce, namely interstate telephone facilities, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of illegal prostitution activities in the states in which the defendants lived, including Alabama, Florida, Illinois, Massachusetts, Michigan, Missouri, North Carolina, Ohio, Pennsylvania, South Carolina, and Tennessee, in violation of Title 18, United States Code, Section 1952(a)(3); and

B. knowingly to persuade, induce, entice, and coerce female individuals to travel in interstate commerce to engage in prostitution in violation of Title 18, United States Code, Section 2422(a).

2. In furtherance of the conspiracy, each defendant operated a business engaged in prostitution in the state in which the defendant lived. The operation of such businesses violated the criminal laws of those states.

3. As a further part of the conspiracy, the defendants persuaded, induced, enticed, and coerced prostitutes to travel in interstate commerce between the various states in which the defendants operated their businesses. In order to allow the defendants and the prostitutes to make money, the defendants provided the prostitutes with a place to engage in prostitution activities and a place to live, and scheduled and arranged for customers for the prostitutes.

4. As a further part and in furtherance of the conspiracy, the defendants made and caused to be made interstate telephone calls. In those telephone calls the defendants discussed the attributes and character of various prostitutes who worked at their businesses. In those telephone calls the defendants also discussed having prostitutes travel from one of their businesses to another business. On many occasions the prostitutes would travel between states in order to go from one of the defendants' businesses to another of the defendants' businesses. It was mutually beneficial to the defendants and the

2

prostitutes to have the prostitutes move periodically from one business to another business.

5. In furtherance of the conspiracy, the defendants committed the following overt acts:

A. On or about October 29, 2007, in an interstate telephone conversation, L. Deanna Dean and Shelia Briggs discussed Briggs' prostitution business and the attributes and character of prostitutes they called Lisa, Amanda, Sarah and Brandi.

B. On or about January 11, 2008, in an interstate telephone conversation, L. Deanna Dean and Joyce Carter discussed the attributes of a prostitute called Ashley.

C. On or about January 8, 2008, in an interstate telephone conversation, L. Deanna Dean asked Dolores Crozier to provide her with the names of good prostitutes looking for a "good place to work."

D. On or about January 18, 2008, in an interstate telephone conversation, L. Deanna Dean and Kimberly Dallas discussed the attributes of a prostitute called Butterfly and having her travel from South Carolina to Springfield, Illinois.

E. On or about January 18, 2008, in an interstate telephone conversation, L. Deanna Dean and Tina Flynn discussed how Flynn's business was doing and whether Flynn knew the location of a prostitute called Cici or Tabitha.

F. On or about December 2, 2007, in an interstate telephone conversation, L. Deanna Dean and Joyce Gage discussed the price that should be charged when two prostitutes are involved with one customer.

G. On or about January 25, 2008, in a telephone conversation, L. Deanna Dean and Doris Groth discussed the attributes and character of prostitutes called Toni and Nicole and when Nicole

3

would be at their businesses.

H. On or about December 21, 2007, in an interstate telephone conversation, L. Deanna Dean and Barbara Jones discussed when a prostitute called Courtney was coming to their businesses and when a prostitute called Jackie would come to their businesses.

I. On or about January 11, 2008, in an interstate telephone conversation, L. Deanna Dean and Rosemary Marriott discussed the attributes and character of prostitutes called Barb and Terry and how a number of prostitutes were going to "Carolina" and St. Louis.

J. On or about January 11, 2008, in an interstate telephone conversation, L. Deanna Dean and Alecia McGuire discussed how McGuire's business was doing, the attributes and character of a prostitute called Monica and that the prostitutes should travel from McGuire's business in St. Louis, Missouri to L. Deanna Dean's business in Springfield, Illinois.

K. On or about January 18, 2008, in an interstate telephone conversation, L. Deanna Dean and Danny Ray Odell discussed the attributes of a prostitute called Vanessa and Odell providing Dean with young looking prostitutes.

L. On or about January 25, 2008, in an interstate telephone conversation, L. Deanna Dean and Shirley Ollis discussed having a prostitute called Martha travel from outside the State of Illinois to Springfield, Illinois.

M. On or about January 11, 2008, in an interstate telephone conversation, L. Deanna Dean asked Linda Scott if Scott had any young girls coming through her business. Scott said a prostitute was supposed to arrive at Scott's business but never did.

N. On or about December 21, 2007, in an interstate telephone conversation, L. Deanna Dean

4

and Libbe Siskind discussed whether L. Deanna Dean used older prostitutes. Dean said she did but she also had some younger guys looking for "yuppie younger girls." Siskind said that a prostitute named Chelsea was that type of girl.

O. On or about January 8, 2008, in an interstate telephone conversation, L. Deanna Dean and Frances Thompson discussed that a prostitute called Amanda had come to Thompson's business after Amanda had been beat up. Dean and Thompson discussed that it did not make sense to send Amanda to a new business in that condition.

P. On or about January 8, 2008, in an interstate telephone conversation, L. Deanna Dean and Ernestine Venable discussed that Venable was doing her business from an apartment. L. Deanna Dean asked Venable to tell her of any good prostitutes that come through Venable's business and that Venable should contact a prostitute called Joyce in Youngstown, Ohio.

Q. On or about October 31, 2007, in an interstate telephone conversation, L. Deanna Dean and a prostitute called Tammy discussed Tammy traveling from Ohio to L. Deanna Dean's business in Springfield, Illinois.

R. On or about January 8, 2008, in an interstate telephone conversation, L. Deanna Dean and A.F. discussed A.F. providing L. Deanna Dean with a prostitute called Jessica who would travel from Ohio to L. Deanna Dean's business in Springfield, Illinois.

S. On or about January 25, 2008, in an interstate telephone conversation, L. Deanna Dean and J.C. discussed J.C. providing L. Deanna Dean with a prostitute called Tiffany who would travel from Ohio to L. Deanna Dean's business in Springfield, Illinois.

In violation of Title 18, United States Code, Section 371.

## Count II

Beginning at least as early as February 2007, and continuing to on or about March 2008, at Springfield, in the Central District of Illinois, and elsewhere, the defendants,

**SHEILA BRIGGS, JOYCE CARTER, DOLORES CROZIER,
KIMBERLY DALLAS, L. DEANNA DEAN, TINA FLYNN, JOYCE GAGE,
DORIS GROTH, BARBARA JONES, ROSEMARY MARRIOTT,
ALECIA McGUIRE, DANNY RAY ODELL, SHIRLEY OLLIS, LINDA SCOTT,
LIBBE SISKIND, FRANCES THOMPSON, and ERNESTINE VENABLE,**

knowingly persuaded, induced, enticed, and coerced female individuals to travel in interstate commerce at various times between the states of Alabama, Florida, Illinois, Massachusetts, Michigan, Missouri, North Carolina, Ohio, Pennsylvania, South Carolina, and Tennessee, to engage in prostitution in those states.

In violation of Title 18, United States Code, Sections 2 and 2422(a).

A TRUE BILL,

s/ Foreperson

FOREPERSON

s/ Assistant U.S. Attorney

---

RODGER A. HEATON
UNITED STATES ATTORNEY

PJC

6